UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NEXTEL COMMUNICATIONS OF THE MID-     :
ATLANTIC, INC. d/b/a NEXTEL
COMMUNICATIONS                        :

          Plaintiff,              :

      vs.                               :

THE CITY OF LOWELL, MASSACHUSETTS,    :
THE CITY OF LOWELL ZONING BOARD OF
APPEALS, AND DAN SQUEGLIA, DONNA      :
MCMAHON, VESNA NUON, ALAN
KAZANJIAN AND JACK FLYNN, in their    :
capacities as Members of the City of Lowell Zoning
Board of Appeals                      :

          Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. **05 10993 NMG**

RECEIPT #_____
AMOUNT $_____ 250.00
SUMMONS ISSUED____1____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____ 5/13/05

**COMPLAINT**

MAGISTRATE JUDGE_____ ABC

Plaintiff, Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel

Communications ("Nextel"), by its attorneys, Devine, Millimet & Branch, P.A., and complains

against the defendants as follows:

1.     Nextel brings this action because of the unreasonable refusal of the City of

Lowell, Massachusetts ("Lowell" or the "City") and its Zoning Board of Appeals to allow Nextel

to install wireless telecommunications antenna facilities on the roof of a commercial building

located at and known as 595 Pawtucket Boulevard, Lowell, Massachusetts. The City's refusal to

allow Nextel to locate its antenna facilities on this building violates Section 704 of the

Telecommunications Act of 1996, 42 U.S.C. §337(c)(7)(B) (the "TCA"), in that the refusal does

not comply with the TCA's requirements for a written decision supported by substantial

evidence contained in a written record; effectively prohibits Nextel from providing personal

wireless services in a significant portion of Lowell; and, unreasonably discriminates against

providers of functionally-equivalent wireless services. Nextel seeks an injunction directing the

City to authorize construction of the proposed facilities to proceed without further delay.

## PARTIES

2.      Nextel is a corporation organized and existing under the laws of the State of

Delaware and is licensed by the Federal Communications Commission of the United States of

America to provide wireless telecommunications services in various areas, including

Massachusetts. Nextel has a regional office at 40 Hartwell Avenue, Lexington, Massachusetts.

3.      Nextel has been authorized by the owner of a commercial building in Lowell,

Massachusetts, located at and known as 595 Pawtucket Boulevard (the "Building"), to install

antennas on the roof of the building, and to install an equipment shelter on the ground floor of

the building. Nextel is aggrieved by the refusal of the City to allow such construction to

proceed.

4.      The City is a municipal corporation having its principal place of business at City

Hall, 375 Merrimack Street, Lowell, Massachusetts.

5.      The Zoning Board of Appeals is an agency or instrumentality of the City of

Lowell, Massachusetts and is the municipal body responsible for the decision which led to this

action.

6.      The individual defendants are sued in their capacities as members of the Zoning

Board of Appeals.

2

## JURISDICTION AND VENUE

7.     This civil action arises under those sections of the TCA which provide that any

decision denying permission to construct wireless antenna facilities must be set forth in a written

decision and "supported by substantial evidence contained in a written record," 47 U.S.C.

§332(c)(7)(B)(iii); that local regulation shall not "unreasonably discriminate among providers of

functionally equivalent services," 47 U.S.C. 332(c)(7)(B)(i)(I); that local regulation "shall not

prohibit or have the effect of prohibiting the provision of personal wireless services," 47 U.S.C.

§332(c)(7)(B)(i)(II); and, that "[a]ny person adversely affected by any final action or failure to

act by a state or local government or instrumentality thereof that is inconsistent with this

paragraph may, within 30 days after such action or failure to act, commence an action in any

court of competent jurisdiction. The court shall hear and decide such action on an expedited

basis." 47 U.S.C. §332(c)(7)(B)(v).

8.     Jurisdiction is based on 28 U.S.C. § 1331 which grants this Court original

jurisdiction over all civil actions arising under the laws or Constitution of the United States.

9.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), in that the defendants reside

in this district and pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events or

omissions giving rise to the claim occurred here.

## ALLEGATIONS COMMON TO ALL COUNTS

10.     The TCA was enacted in July 1996 in order to promote the rapid deployment in

the United States of advanced telecommunications systems, including personal wireless services

("PWS"). To that end, the statute provides that local government regulation may not prohibit or

have the effect of prohibiting the provision of PWS and imposes other substantive and

procedural limits upon the ability of local governments to regulate PWS facilities.

3

11.     Nextel is a provider of enhanced specialized mobile radio services, a type of personal commercial mobile radio services ("CMRS") which are within the definition of PWS set forth at 47 U.S.C. §332(c)(7)(C)(i). Nextel is licensed by the FCC to provide CMRS in certain markets, and it has certain obligations under that license actually to provide such services.

12.     Nextel's PWS network is entirely digital and employs time division multiple access ("TDMA") technology. The network requires deployment of antennas throughout the area to be covered, which are connected to receivers and transmitters that operate in a limited geographic area known as a "cell." Nextel's portable telephones operate by transmitting and receiving low power radio frequency signals to and from these cell sites. The signals are transferred to and from ground telephone lines and routed to their destinations by sophisticated electronic equipment. The size of the area served by each cell site is dependent on several factors, including the number of antennas used, the height at which the antennas are deployed, the topography of the land, vegetative cover and natural or man-made obstructions in the area. As customers move throughout the service area, the transmission from the portable unit is automatically transferred to the closest Nextel facility without interruption in service, provided that there is overlapping coverage from the cells.

13.     In order for Nextel's PWS network to function properly, there must be some overlapping coverage between adjoining cells to allow for the transfer or "hand-off" of calls from one cell to another and to avoid disconnection or "dropped" calls. In other words, Nextel's antennas must be strategically located within the targeted area in order to provide sufficient radio frequency coverage, connectivity with surrounding sites, adequate service and adequate capacity. Nextel's antennas also must be located high enough above ground level to allow transmission (or "propagation") of the radio frequency signals above trees, buildings and natural or man-made

4

other structures that may obstruct the signals. Areas without adequate radio frequency coverage have substandard or no wireless service.

14.    In or about 2004, Nextel determined that it needed to install additional antenna facilities in south central Lowell, in the vicinity where the Building is located, in order to provide adequate PWS to the Nextel customers who live, work or travel through this area, which is close to the Merrimack River and includes the heavily traveled thoroughfare of Pawtucket Boulevard.

15.    Under the Lowell Zoning Ordinance (the "Ordinance"), telecommunications antenna facilities are allowed by special permit in most areas of the City, but are regulated with the express goal of minimizing new antenna towers and otherwise minimizing visual impacts.

16.    With both its engineering requirements and the criteria set forth in the Ordinance in mind, Nextel explored possible locations. Nextel ultimately determined, for a variety of reasons, that the Building would be ideal. Perhaps most important, antennas placed on the top of the Building would not only meet Nextel's engineering requirements, but would avoid the need for a new tower or any other new, visually obtrusive structure. Nextel obtained permission from the owner of the Building to install antennas upon the top of this existing structure, and to install its equipment on the ground floor thereof.

17.    Nextel's proposed facilities consist of three arrays, each containing four antennas, and related electronic equipment. The arrays would be mounted to the facade of the Building. Four would not exceed the height of the facade of the Building and eight would extend above the facade. The electronic equipment associated with the antennas would be located inside the Building on the ground floor.

18.    On or about March 18, 2005, Nextel submitted its application for a special permit with the Lowell Zoning Board of Appeals.

19.     The Zoning Board of Appeals held a single hearing with respect to Nextel's application for a special permit on April 12, 2005.

20.     During the hearing, Nextel presented testimony and other evidence which explained the need for this facility, and also submitted photosimulations which demonstrated that its facility would have minimal visual impact.

21.     In short, both in its application and during the hearing process, Nextel presented substantial evidence to show that its proposed facility met all requirements under federal, state and local law for the requested special permit. Nextel also demonstrated that the proposed facility is the only feasible alternative for meeting its need to provide the needed coverage.

22.     Despite the minimally intrusive nature of the proposed Nextel facility and the absence of any feasible alternatives, and despite the absence of any opposition from even a single City resident, the Zoning Board of Appeals voted to deny Nextel's application for a special permit. This decision was reduced to writing and filed with the City Clerk on April 15, 2005 (the "Decision," a copy of which is annexed hereto as Exhibit A).

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(iii)

23.     Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 22 of this Complaint as though fully alleged herein.

24.     The City's denial of authorization to Nextel to install antennas on the Building was not "in writing and supported by substantial evidence contained in a written record" as required by the TCA, 47 U.S.C. § 332 (c)(7)(B)(iii).

25.     Nextel is accordingly entitled to an injunction directing the City to grant the special permit and all other permits and approvals necessary for construction of the proposed facilities to proceed.

6

## AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(I)

26.     Nextel repeats, realleges and incorporates herein by reference the allegations of

paragraphs 1 through 25 of this Complaint as though fully alleged herein.

27.     The City has, upon information and belief, approved applications by other

"providers of functionally equivalent services" under circumstances which are similar to the

circumstances herein.

28.     By thus allowing Nextel's competitors to install antennas on buildings which are

similarly situated to the Building herein, the City has unreasonably discriminated against Nextel.

29.     Nextel accordingly is entitled to an injunction directing the City to grant the

special permit and all other permits and approvals necessary for construction of the proposed

facilities to proceed.

## AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(I)

30.     Nextel repeats, realleges and incorporates herein by reference the allegations of

paragraphs 1 through 29 of this Complaint as though fully alleged herein.

31.     Nextel has a significant gap in its network coverage and capacity which it

proposed to close by the least intrusive means, and which it now will be unable to close.

32.     Nextel accordingly is entitled to an injunction directing the Town to issue the

special permit, variances and all other permits and approvals necessary for its antenna facility

construction to proceed.

**WHEREFORE**, Nextel respectfully requests that this Honorable Court issue the

following relief on an expedited basis as required by 47 U.S.C. §332(c)(7)(B)(iv):

A.      Declare that the denial by the City's Zoning Board of Appeals was not "set forth in writing and supported by substantial evidence contained in a written record" and, therefore, violates the TCA and is invalid and annulled;

B.      Declare that the decision of the City's Zoning Board of Appeals unreasonably discriminates among providers of functionally equivalent services and, therefore, violates the TCA and is invalid and annulled;

C.      Declare that the Decision has the effect of prohibiting Nextel from providing personal wireless services and therefore violates the TCA and, therefore, is invalid and annulled;

D.      Issue an injunction ordering the City and its instrumentalities immediately to issue the special permit and all other approvals and permits necessary to allow construction of the proposed facilities to begin without further delay; and,

E.      Grant such other and further relief as justice and equity may require.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF
THE MID-ATLANTIC INC. d/b/a
NEXTEL COMMUNICATIONS**

By its attorneys,

**DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION**

Dated: May 13, 2005                    By:    _____

Steven E. Grill, Esquire
111 Amherst Street
Manchester, New Hampshire 03101
Telephone: (603) 669-1000
e-mail: sgrill@devinemillimet.com

J:\wdox\docs\clients\10339\73907\M0719074.DOC



# City of Lowell, Massachusetts

## Zoning Board of Appeals

**Alan Kazanjian, Chairman**

Decision on case number: **ZB-2005-0020**

THE CITY OF LOWELL ZONING BOARD OF APPEALS hereby certifies that the following is a detailed record of the Board's proceedings and decision regarding the application described below:

| | |
|---|---|
| Case Number: | **ZB-2005-0020  (0020)** |
| Filed on: | **03/18/2005** |
| Petitioner: | **Nextel Communications of the Mid-Atlantic, Inc.**<br>**40 Hartwell Avenue**<br>**LEXINGTON, MA 02421** |
| Subject Property: | **595 Pawtucket Blvd.** |
| Petition: | **Special Permit to install (12) telecommunication antennas on the rooftop with related equipment on the ground floor for Nextel Communications.** |
| Decision: | **Denied** |

The Petitioner's application was received by the Office of the City Clerk on **03/18/2005**, and a notice of public hearing on this application, a true copy of which is on file in the Office of the City Clerk, was:

1.  Published in the Lowell Sun, a newspaper of general circulation in the City of Lowell, on **03/27/2005** and on **04/03/2005**.

2.  Posted in a conspicuous place in the City of Lowell's City Hall on **03/27/2005**, which was at least 14 days prior to the hearing.

3.  Mailed, postpaid on **03/27/2005**, which was at least 14 days prior to the hearing, to the petitioner, abutters within 300' of the subject property, owners of land directly opposite the property in question on any public or private way, and the planning boards of abutting towns. The notice was mailed to the names and addresses shown on the most recent tax list provided by the City of Lowell's Assessor's office.

The public hearing was held in the **City of Lowell's City Hall Mayor's Reception Room, 2nd Floor, 375 Merrimack Street, Lowell, MA 01852**. The public hearing was opened on **04/12/2005**, at which time opportunity was given to all those interested to be heard in favor or opposition of the application.

The public hearing was closed on **12-Apr-2005**.

The Board rendered its Decision on **12-Apr-2005**.

The Decision was filed with the City Clerk on **15-Apr-2005**

A true Copy
ATTEST

Richard C. Johnson
City Clerk
Lowell, Massachusetts



# City of Lowell, Massachusetts

## Zoning Board of Appeals

### Alan Kazanjian, Chairman

Decision on case number: **ZB-2005-0020**

## Finding of Fact

Based on the evidence and testimony presented at the public hearing, the Board made the following findings:

1   **The petitioner seeks to install telecommunications antennas on the rooftop with related equipment on the ground floor for Nextel Communications.**

2   A literal enforcement of the Bylaw would be a substantial hardship to the owner, in that

3   There will be no substantial derogation from the intent and purpose of the bylaw because **The petition is denied because the proposed location is in a residential area; this board recommends that the petitioner seek an alternative site located in an industrial area.**

After due consideration of all of the foregoing, Dan Squeglia, and seconded by Donna McMahon, with the Zoning Board of Appeals members voting as follows:

| | | |
|---|---|---|
| Dan Squeglia | Present | Voted to: deny |
| Vesna Nuon | Present | Voted to: deny |
| Alan Kazanjian | Present | Voted to: deny |
| Jack Flynn | Present | Voted to: deny |
| Donna McMahon | Present | Voted to: deny |

Hence, Zoning Board of Appeals case number: **ZB-2005-0020 (0020)** was **Denied**.

This Decision does not relieve the petitioner or any other person from the necessity of complying with all other applicable federal, state and local statutes and ordinances and regulations.

Any person(s) aggrieved by a decision of the Zoning Board of Appeals may file an appeal pursuant to MGL Ch.40A §17. Such an appeal must be filed within twenty (20) days following the filing date of this decision in the Office of the City Clerk. All appeals must be filed with the City of Lowell's Office of the City Clerk.

In accordance MGL Ch. 40A §11, this Decision shall not take effect until a copy certified by the Office of the City Clerk has been recorded at the Registry of Deeds.

_____

Alan Kazanjian, Chairman

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications

**(b)** County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steven E. Grill, Esquire, Devine, Millimet & Branch, P.A.
111 Amherst St., Manchester, NH 03101; (603) 669-1000

## DEFENDANTS
The City of Lowell, MA, The City of Lowell Zoning Board of Appeals, Dan Squeglia, Donna McMahon, Vesna Nuon, Alan Kazanjian and Jack Flynn

County of Residence of First Listed Defendant **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

05  10993 NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 704 of the Telecommunications Act of 1996, 47 U.S.C. Section 332
Brief description of cause:
appeal of denial to allow Nextel to install wireless antenna facilities

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE **5-13-05**
SIGNATURE OF ATTORNEY OF RECORD *Steven E Grill*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.